**Office of the Attorney General**
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Tamuning, Guam 96913 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamag.org

Attorneys for the Government of Guam

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM; CHAMORRO LAND TRUST COMMISSION; and ADMINISTRATIVE DIRECTOR OF CHAMORRO LAND TRUST,<br><br>Defendants. | CIVIL CASE NO. **17-00113**<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. Civ. P. 12(c)** |

COME NOW, Defendants GOVERNMENT OF GUAM and ADMINISTRATIVE DIRECTOR OF THE CHAMORRO LAND TRUST, by and through the Attorney General of Guam, and move for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), dismissing Plaintiff's claims against the Government of Guam and the Chamorro Land Trust Commission and Plaintiff's claims for civil penalties and monetary damages against the Administrative Director of the Chamorro Land Trust.

1

# I. STATEMENT OF FACTS

The United States sues the Government of Guam, Chamorro Land Trust Commission and the Administrative Director of the Chamorro Land Trust under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (ECF 1). The United States claims the defendants discriminated on the basis of race in issuing residential leases of government land exclusively to "Native Chamorros" as that term is defined in the Chamorro Land Trust Act (CLTA), 21 GUAM CODE ANN., Ch. 75, and its implementing regulations. (ECF 1). Plaintiff seeks relief declaring the CLTA and its regulations invalid to the extent they require or permit any action that would be a discriminatory housing practice under the Fair Housing Act. (ECF 1, pp. 11-12.) Plaintiff also seeks injunctive relief, civil penalties and monetary damages against defendants. (ECF 1, p.12).

Defendants now move for judgment on the pleadings dismissing Plaintiff's claims against the Government of Guam and Chamorro Land Trust Commission in their entirety and granting partial judgment on the pleadings dismissing plaintiff's claim for civil penalties and monetary damages against the Administrative Director of the Chamorro Land Trust.

# II. ISSUES

**A. Whether Plaintiff's claims against the Government of Guam and Chamorro Land Trust Commission should be dismissed in their entirety because territories are not subject to suit under the Fair Housing Act?**

1. Whether the Government of Guam is a "person" subject to suit under the Fair Housing Act?

2. Whether the Government of Guam is immune from suits brought under the Fair Housing Act?

////

////

2

Case 1:17-cv-00113 Document 35 Filed 08/31/18 Page 2 of 11

B. Whether Plaintiff's claims for civil penalties and monetary damages against the Administrative Director of the Chamorro Land Trust in his official capacity should be dismissed because the Government of Guam is not subject to suit under the Fair Housing Act and such an official capacity suit is merely another way of pleading an action against the Government of Guam?

## III. ARGUMENT

*Applicable judgment on the pleadings standard*

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009) (quoting *Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995)). On a Rule 12(c) motion, the court must accept as true all the material facts alleged in the complaint and must draw all reasonable inferences in favor of the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

**A. Plaintiff's claims against the Government of Guam and Chamorro Land Trust Commission should be dismissed in their entirety because territories are not subject to such claims under the Fair Housing Act.**

1. The Government of Guam and Chamorro Land Trust Commission are not "persons" subject to suit under the Fair Housing Act.

The United States sues the Government of Guam, Chamorro Land Trust Commission and the Administrative Director of the Chamorro Land Trust under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* The Fair Housing Act protects the buyer or renter of a dwelling from seller or landlord discrimination. It makes it unlawful to "refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color… or national origin." 42 U.S.C. § 3604. As defined by the Act, "dwelling" includes vacant land

which is offered for sale or lease for the construction or location thereon of a residence. *Id.* § 3602. Plaintiff claims the defendants discriminated on the basis of race in issuing residential leases of government land exclusively to "Native Chamorros" as that term is defined in the CLTA, 21 GUAM CODE ANN., Ch. 75, and its implementing regulations. Under the Act, "Native Chamorro" is defined as "any person who became a U.S. citizen by virtue of the authority and enactment of the Organic Act of Guam or descendants of such person." 21 GUAM CODE ANN § 75101.

The United States brings this action pursuant to 42 U.S.C. § 3614(a), which provides in relevant part[1]:

> Whenever the Attorney General has **reasonable cause to believe that any person or group of persons** is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this title, or that any group of persons has been denied any of the rights granted by this title and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

Emphasis added.

42 U.S.C. § 3614(d) sets forth the relief that can be granted in such an action:

> (1) In a civil action under subsection (a) or (b), the court—
>
> (A) may award such preventive relief, including a permanent or temporary injunction, restraining order, or other order **against the person responsible for a violation of this title** as is necessary to assure the full enjoyment of the rights granted by this title;
>
> (B) may award such other relief as the court deems appropriate, including monetary damages to persons aggrieved; and
>
> (C) may, to vindicate the public interest, assess a civil penalty against the respondent--
> (i) in an amount not exceeding $55,000, for a first violation; and

---

[1] See ECF 1, p. 11 para. 47a.

         (ii) in an amount not exceeding $110,000, for any subsequent violation.

Emphasis added.  Under 42 U.S.C. § 3602(d), "Person" is defined as "includ[ing] one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11 [of the United States Code], receivers, and fiduciaries."

  Plaintiff's claims against the Government of Guam and Chamorro Land Trust Commission should be dismissed because neither the Government of Guam nor the Chamorro Land Trust Commission come within the definition of "Person" under the Fair Housing Act.[2] Significantly, 42 U.S.C. § 3602(d) does not list states or territories as being within the definition of "Person."  Instead, 42 U.S.C. § 3602(g) contains a separate definition of "State," which is defined to include "any territories and possessions of the United States."  Accordingly, in enacting the Fair Housing Act, Congress clearly did not intend to subject states and territories to liability under the Act.

  Courts have employed an Eleventh Amendment analysis to determine whether Congress intended to subject States to liability under the Fair Housing Act.  These courts have held that there is no language in the Act making it clear that Congress intended to abrogate state sovereignty and subject the state to liability under the statute.  *See McCardell v. U.S. Dept. of Housing and Urban Development*, 794 F.3d 510, 522 (5th Cir. 2015) (The language of the Fair Housing Act does not make "unmistakably clear" that Congress intended to abrogate state sovereignty.  It contains no provision evidencing such intent); *Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, 2008 WL 4552784, at *1 (S.D.Tex. Oct. 7, 2008) ("[T]he states were not made

---

[2] The Chamorro Land Trust Commission is "within the government of Guam." 21 GUAM CODE ANN. § 75102(a). As such, because the Government of Guam is not a person, neither is the commission. See *Will v. Michigan State Police,* 491 U.S. 58 (1989) (States and their agencies are not "persons" under 42 U.S.C. § 1983 and therefore cannot be sued under that statute.)

5

'persons' potentially liable for FHA violations.") (citing 42 U.S.C. § 3602(d)); *Gregory v. S. Carolina Dep't of Transp.*, 289 F.Supp.2d 721, 724–25 (D. S.C. 2003); *see also Boyd v. Browner*, 897 F.Supp. 590, 594–95 (D.D.C.1995) ("[T]he Fair Housing Act does not 'unambiguously waive' the government's sovereign immunity defense . . . ."); and *Morris v. Dehaan*, No. 90-2190, 1991 WL 177995, at *3 (6th Cir. Sept. 21 1991) (holding that "nothing in the Fair Housing Act . . . can be construed as a congressional abrogation of Michigan's Eleventh Amendment immunity").

In *Gregory v. S. Carolina Dep't of Transp.*, 289 F.Supp.2d at 724, Plaintiff unsuccessfully argued the state was subject to liability under the Fair Housing Act:

> The argument plaintiff puts forward to suggest abrogation is that the FHA defines "person" separately from "state" in its definition section and then allows suits against "persons or other entities" in its liability section. *See* 42 U.S.C. §§ 3602, 3610 and Pl.'s Brief 2–4. Plaintiff then traces the statute to find that the federal government can sue to enforce the FHA and recover damages for an aggrieved party. Plaintiff theorizes that by filling in a state for "other entity" and allowing a citizen to sue where the federal government can, Congress "unequivocally granted a right" for an individual citizen to sue a state under the FHA. (Pl.'s Brief 5.)

The federal court ultimately rejected this argument, finding that the plaintiff in that case "advance[d] no argument that comes close to the threshold of an unequivocal abrogation." 289 F. Supp.2d at 725.

Territories have been held not to be "persons" under other federal statutes. In *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990), the Supreme Court held that the Government of Guam was not a "person" under 42 U.S.C. § 1983. In reaching this conclusion, the court noted that when Congress amended § 1983 to apply to persons acting under color of territorial law, it also amended the Dictionary Act to remove "bodies politic and corporate" from the definition of

"person," replacing it with "partnerships and corporations." *Id.* at 190-91; *see also* 1 U.S.C. § 1. According to the Court, "at the time Congress first made it possible for a person acting under color of territorial law to be held liable, the very same Congress pointedly redefined the word 'person' to make it clear that a Territory would not be included."). *Id.* at 191. Similarly, here, while the definition of "person" in the Fair Housing Act specifically includes "partnerships" and "corporations," it makes no mention of "bodies politic and corporate." 42 U.S.C. § 3602(d). Thus, states and territories are not within the definition of "persons" subject to liability under the Fair Housing Act.

This conclusion is further supported by *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), in which the Supreme Court held that States and their officials acting in their official capacity are not persons when sued for monetary damages under 42 U.S.C. § 1983. In so holding, the court noted:

> . . . [I]n enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law. "One important assumption underlying the Court's decisions in this area is that members of the 42d Congress were familiar with common-law principles, including defenses previously recognized in ordinary tort litigation, and that they likely intended these common-law principles to obtain, absent specific provisions to the contrary." *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 258, 101 S.Ct. 2748, 2755, 69 L.Ed.2d 616 (1981).....The doctrine of sovereign immunity was a familiar doctrine at common law. "The principle is elementary that a State cannot be sued in its own courts without its consent." *Railroad Co. v. Tennessee*, 101 U.S. 337, 339, 25 L.Ed. 960 (1880). ....We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.

This principle is applicable here. Territories such as Guam have sovereign immunity and are entitled to invoke sovereign immunity for many of the same reasons the federal government and the States may do so. *See Marx v. Government of Guam*, 866 F.2d 294, 297–98 (9th Cir. 1989) (The sovereign immunity of the government of Guam exists pursuant to both the common law and

7

the Organic Act); *Porto Rico v. Rosaly*, 227 U.S. 270, 273 (1913) (the Organic Act established in Porto Rico is of such nature as to come within the general rule exempting a government sovereign in its attributes from being sued without its consent); *Kawananakoa v. Polyblank*, 205 U.S. 349, 353 (1907) (sovereign immunity barred suit against territory by individual land purchasers); and *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1286, 1289 (9th Cir. 1985) (because the Government of Guam is in essence an instrumentality of the federal government, "[t]here is no reason why Guam should enjoy less immunity than the federal government itself.")[3]

Thus, state sovereign immunity principles which courts have relied upon in holding states immune from claims under the Fair Housing Act have strong parallels in the case of territories. In determining that territories are not within the definition of "persons" subject to liability under the Fair Housing Act, this court should apply the cardinal rule of statutory construction that Congress must make its intention to waive sovereign immunity "unmistakably clear in the language of the statute." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985). The Fair Housing Act contains absolutely no language indicating Congress intended to override well-established immunities or defenses under the common law applicable to territories. Accordingly, the Government of Guam and Chamorro Land Trust Commission are not "persons" subject to suit under the Fair Housing Act and should be dismissed from this litigation.

2. The Government of Guam has immunity from suits brought under the Fair Housing Act.

---

[3] The federal government is also immune from actions under the Fair Housing Act. *See Webster v. Dep't of Veterans Affairs*, 2010 WL 5250158, at *2 (D. Nev. 2010) ("Although the Ninth Circuit has not conclusively resolved the issue of whether the Fair Housing Act contains a waiver of sovereign immunity, this court agrees with the conclusion of courts in other circuits that it does not."); *Boyd v. Browner*, 897 F. Supp. 590, 595 (D.D.C. 1995)("Because the Fair Housing Act does not unambiguously waive the government's sovereign immunity defense, plaintiffs may not have a monetary recovery against the administrator of the United States Environmental Protection Agency."); *Emrit v. Marion County Housing Authority (MCHA)*, 2017 WL 743882 (D. OR. 2017).

8

Territories have a status and structure similar to States. *See Binns v. United States*, 194 U.S. 486, 491 (1904) (referring to territories as quasi states); and *People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 261-62 (1937) (Organic Act intended to give Puerto Rico full power of local self-determination with an autonomy similar to that of the states and incorporated territories). As a territory, Guam has sovereign immunity. *Marx v. Government of Guam*, 866 F.2d at 297–98.

The Eleventh Amendment is but a "constitutionalization" of the intergovernmental immunity principles of common law sovereign immunity. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, reh'g. denied, 473 U.S. 926 (1985); *Principality of Monaco v. State of Mississippi*, 292 U.S. 313, 322-23 (1934); *In Re State of New York*, 256 U.S. 490, 497 (1921); and *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984). These principles of intergovernmental immunity are applicable to all governments enjoying common law sovereign immunity. *See e.g., Fleming v. Dept. of Public Safety, Com. of Northern Mariana Islands*, 837 F.2d 401, 407 (9th Cir.), cert. denied, 109 S.Ct. 222 (1988) (There is simply no meaningful distinction between Eleventh Amendment immunity and common law sovereign immunity insofar as federal suits are concerned).

Consistent with the foregoing, the territory of Puerto Rico, although not a state, is considered a state for Eleventh Amendment purposes. *See Vaqueria Tres Monjitas, Inc. v. Pagan*, 748 F.3d 21 (1st Cir. 2014), *Irizarry–Mora v. Univ. of Puerto Rico*, 647 F.3d 9 (1st Cir. 2011); and *Vega Castro v. Puerto Rico*, 43 F.Supp.2d 186 (D. Puerto Rico 1999).[4] Likewise, and because Guam has the attributes of a state, including sovereign immunity, Guam possesses Eleventh Amendment immunity.

---

[4] In *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) the Supreme Court "expressed no view" on the merits of Puerto Rico's Eleventh Amendment immunity claim. Similarly, in *Ngiraingas v. Sanchez*, the Supreme Court left open the question of whether territories have Eleventh Amendment immunity. *Ngiraingas v. Sanchez*, 495 U.S. at 192, n. 12.

9

Because Guam possesses Eleventh Amendment immunity, Plaintiff's claims against the Government of Guam and Chamorro Land Trust Commission under the Fair Housing Act should be dismissed in their entirety. *Mary's House, Inc. v. North Carolina*, 976 F.Supp.2d 691, 697 (D. Ct. N.C. 2013) (The FHA does not abrogate states' sovereign immunity under the Eleventh Amendment); and *Gregory v. S. Carolina Dep't of Transp.*, 289 F.Supp.2d at 724-25 (Congress did not abrogate state sovereign immunity under Eleventh Amendment when it enacted the Fair Housing Act). Even assuming *arguendo* that Guam lacks Eleventh Amendment immunity, then Plaintiff's claims against the Government of Guam and Chamorro Land Trust Commission must nevertheless be dismissed based upon its common law sovereign immunity—an immunity which the Ninth Circuit has recognized on numerous occasions. *See Marx*, 866 F.2d 294 at 298; *Crain v. Guam*, 195 F.2d 414, 416 (9th Cir. 1952).

**B. Plaintiff's claim for damages and civil penalties against the Administrative Director of the Chamorro Land Trust in his official capacity should be dismissed.**

"Official-capacity suits …'generally represent only another way of pleading an action against an entity of which an officer is an agent'." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff's claims against the Administrative Director for civil penalties and monetary damages must be dismissed because, as discussed above, Guam cannot be sued for damages and civil penalties under the Fair Housing Act. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (States and their officials acting in their official capacity are not persons when sued for monetary damages under 42 U.S.C. § 1983).

### IV. CONCLUSION

Plaintiff's claims against the Government of Guam and the Chamorro Land Trust Commission should be dismissed in their entirety, and Plaintiff's claims for civil penalties and

monetary damages against the Administrative Director of the Chamorro Land Trust should be dismissed.

Dated this 31st day of August, 2018.

OFFICE OF THE ATTORNEY GENERAL OF GUAM
**Elizabeth Barrett-Anderson**, Attorney General

By: /S/
_____
**KENNETH ORCUTT**
Deputy Attorney General
Attorneys for Government of Guam