**Office of the Attorney General**
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Tamuning, Guam 96913 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamag.org

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. **17-00113** |
| Plaintiff, | |
| vs. | |
| GOVERNMENT OF GUAM; CHAMORRO LAND TRUST COMMISSION; and ADMINISTRATIVE DIRECTOR OF CHAMORRO LAND TRUST, | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. Civ. P. 12(c)** |
| Defendants. | |

COME NOW, Defendants GOVERNMENT OF GUAM and ADMINISTRATIVE

DIRECTOR OF THE CHAMORRO LAND TRUST, by and through the Attorney General of

Guam, and submit the following Reply Memorandum in support of their Motion for judgment

on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

////

1

# I. INTRODUCTION

The Government of Guam acknowledges there is an independent basis outside the Fair Housing Act (FHA) for the United States to bring actions for declaratory and injunctive relief against a state or territory. *See*, 28 U.S.C. § 2201; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 71 n. 14, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (noting that "[t]he Federal Government can bring suit in federal court against a State" as a method of "ensuring the States' compliance with federal law"); *United States v. State of Louisiana*, 339 U.S. 699, 706 (1950) (granting Plaintiff United States injunctive and declaratory relief in action brought against state of Louisiana); *United States v. South Carolina*, 840 F. Supp. 2d 898, 926 (D.S.C. 2011), modified in part, 906 F. Supp. 2d 463 (D.S.C. 2012), aff'd, 720 F.3d 518 (4th Cir. 2013) (granting Plaintiff United States preliminary injunctive relief in action brought against state of South Carolina).

However, in this litigation, the United States seeks more than declaratory and injunctive relief. It seeks monetary damages and civil penalties against Guam under the FHA. Whether such damages and penalties can be awarded against a state or territory appears to be an issue of first impression. In its opposition, the United States cites no cases directly addressing this issue.

## II. THE UNITED STATES' CLAIMS FOR MONEY DAMAGES AND CIVIL PENALTIES SHOULD BE DISMISSED BECAUSE GUAM IS NOT A "PERSON" AS DEFINED BY THE FHA

The United States' claims for money damages and civil penalties should be dismissed because Guam is not a "person" as defined by the FHA. The United States sues pursuant to 42 U.S.C. § 3614(a), which allows the Attorney General to commence a civil action when there is "reasonable cause to believe that *any person or group of persons* is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this title, or that any

group of persons has been denied any of the rights granted by this title and such denial raises an issue of general public importance." Emphasis added. 42 U.S.C. § 3614(d) sets forth the relief that can be provided in such a civil action "against the person responsible for a violation of this title" which includes "monetary damages to persons aggrieved."

Under 42 U.S.C. § 3602(d) of the FHA, "person" is defined as "includ[ing] one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11 [of the United States Code], receivers, and fiduciaries." It does not include states. *Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, 2008 WL 4552784, at *1 (S.D.Tex. Oct. 7, 2008) ("[T]he states were not made 'persons' potentially liable for FHA violations.") (citing 42 U.S.C. § 3602(d)). Nor does it include a territory, which is defined as being within the definition of "state" in the FHA. 42 U.S.C. § 3602(g).

"In common usage the term ["person"] does not include the sovereign, and statutes employing it will ordinarily not be construed to do so. U*nited States v. United Mine Workers of Am.*, 330 U.S. 258, 275 (1947). When a statute uses the term "person," it is presumed that Congress intended to exclude the government. *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780-81 (2000) (applying "longstanding interpretive presumption" that the word "'person' does not include the sovereign"). The exclusion of sovereigns from "person" "is particularly applicable where it is claimed that Congress has subjected the States to liability to which they had not been subject before." *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989). Here, the United States is claiming the states and territories are subject to monetary damages and civil penalties under the FHA which they were not subject to liability

before. While this presumption is "not a 'hard and fast rule of exclusion' … it may be disregarded only upon some affirmative showing of statutory intent to the contrary." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 781. Thus, absent strong evidence that Congress intended to "broade[n]" the term beyond its ordinary meaning, the government is not included. *Id*. at 782.

It makes sense that Congress would exclude states and territories from the definition of "person." If the term included states and territories then an "aggrieved person" who is "injured by a discriminatory housing practice" could sue states and territories in federal court for monetary damages under 42 U.S.C. § 3613(a) (Enforcement by Private Persons). Such an action would implicate sovereign and 11th Amendment immunities of the states and territories. *See McCardell v. U.S. Dept. of Housing and Urban Development*, 794 F.3d 510, 522 (5th Cir. 2015) (The language of the Fair Housing Act does not make "unmistakably clear" that Congress intended to abrogate state sovereignty. *Gregory v. S. Carolina Dep't of Transp*., 289 F.Supp.2d 721, 724–25 (D. S.C. 2003); *see also Boyd v. Browner*, 897 F.Supp. 590, 594–95 (D.D.C.1995) ("[T]he Fair Housing Act does not 'unambiguously waive' the government's sovereign immunity defense . . . ."); *Morris v. Dehaan*, No. 90–2190, 1991 WL 177995, at *3 (6th Cir. Sept. 21 1991) (holding that "nothing in the Fair Housing Act . . . can be construed as a congressional abrogation of Michigan's Eleventh Amendment immunity") and *Welch v. Century 21 Chimes Real Estate, Inc.*, 1991 WL 29950 (E.D.N.Y 1991) (holding that the New York Department of State licensing division was not a proper defendant under the FHA because there is no express abrogation of the Eleventh Amendment in the FHA). By limiting the relief allowed by the Attorney General to suits against "the person responsible for a violation of this title"

4

Congress protected the states and territories from private citizens obtaining indirectly, what they were barred by obtaining directly, to wit: monetary damages against a state or territory in federal court.

While Congress possesses authority to allow the United States to pursue monetary damages on behalf of private parties, it did not do so in the FHA. When Congress grants that authority to the United States it clearly expresses that intent. For instance, in civil rights actions under the Americans with Disabilities Act (ADA) such actions are allowed.[1] *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 n. 9 (2001). But unlike the FHA, under the ADA, Congress specifically manifested its intent to waive 11th Amendment immunity and allow private actions against states and territories. See 42 U.S.C.A. § 12202A.[2]

Similarly, Congress clearly intended private actions for money damages to be brought against states under Title VII of the Civil Rights Act of 1964 by amending the definition of "person" in 1972 to include "governments' and striking the express exclusion of "a State or political subdivision thereof". *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448-49 n. 2 (1976). *See also Gregory v. South Carolina Dept. of Transp.,* 289 F.Supp.2d 721 (comparing the FHA to the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, and title VI of the Civil Rights Act of 1964 and finding that unlike those acts, the FHA did not abrogate 11th Amendment immunity).[3]

---

[1] 42 U.S.C.A. § 12188(b)(2)(B) provides, in relevant part, "[i]n a civil action . . . the court may award such other relief as the court considers to be appropriate, including monetary damages to persons aggrieved when requested by the Attorney General."

[2] 42 U.S.C.A. § 12202A of the ADA provides: State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

[3] Analyzing 42 U.S.C. § 2000d–7(a) (1) which provides: A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.],

1

The FHA contains no analogous language indicating Congress intended to include states

2

and territories within the definition of "person" and thereby subject them to liability for monetary

3

4

damages, punitive damages or penalties in a civil action brought by a private party or the

5

Attorney General. There is only one definition of "person" in the FHA and it is applicable to

6

both private actions and actions brought by the Attorney General.

7

The United States seeks to circumvent this restriction on its authority to sue states and

8

territories for money damages and civil penalties by arguing 42 U.S.C. § 3614(a) does not

9

contain language specifically limiting the attorney general to bringing suits against "persons"

10

as opposed to suing other entities. Plaintiff further argues that neither a "pattern or practice"

11

suit, nor a "general public importance" suit under 42 U.S.C. Section 3614(a) is limited to suits

12

against "persons." In making these arguments, the United States reads 42 U.S.C. Section

13

14

3614(a) in isolation and ignores other provisions of the FHA, namely 42 U.S.C. § 3614(d) which

15

sets forth the relief that can be provided in a civil action brought by the Attorney General "against

16

the person responsible for a violation of this title" and the applicable definition of person as

17

defined in 42 U.S.C. § 3602(d). "A particular statutory provision must be read in context with a

18

view to its place in the statutory scheme, not in isolation…" *Gorbach v. Reno*, 219 F.3d 1087,

19

1093 (9th Cir. 2000). 42 U.S.C. § 3614(a) must be interpreted in conjunction with 42 U.S.C. §

20

21

3614(d). 42 U.S.C. § 3614(d)(1)(B) and (C) set forth the types of relief allowed against persons

22

responsible for a violation of this title. The United States can only obtain monetary damages

23

under the FHA against a "person." Under Plaintiff's interpretation of 42 U.S.C. § 3614, the term

24

"person" has no significance within the statute and is mere surplusage.

25

26

the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. (2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

The legal authority cited by the United States does not support its argument that states and territories can be held liable for monetary damage in suits brought by the Attorney General under the FHA. The United States cites cases recognizing that the "general public importance" prong creates a separate cause of action from a "pattern or practice" claim under § 3614(a), but all of the cited cases involve suits against entities within the definition of "person" under the FHA. *See* ECF 37, page 13. None of these cases involve suits against a state or territory.

The United States also asserts that "courts have upheld suits by the United States against state and local governments under this provision without having to determine whether such defendants are persons under 42 U.S.C. section 3602(d)." ECF 37, p. 14. Of the five cases cited by the United States in support of this proposition, four involve suits against municipalities. ECF 37, pp. 14-15. Only one case involves a suit against a state, but it was for declaratory and injunctive relief, not monetary damages.

Throughout its brief, the United States cites cases holding municipalities can be sued under the FHA as support for the proposition that states and territories can be sued. *See*, e.g. ECF 37, pp. 14-15, 18-20. The United States fails to recognize that due to sovereign and 11th Amendment immunities, the analysis of whether a state is within the definition of person is different than whether municipalities are within the definition of person. Compare *Will v. Michigan Dept. of State Police*, *supra*, (States and their officials acting in their official capacity are not persons when sued for monetary damages under 42 U.S.C. § 1983) with *Monell v. New York City Dep't of Soc. Serv*., 436 U.S. 658 (1978) (a local government is a "person" subject to suit under 42 U.S.C. § 1983). Suits against municipalities do not raise issues of sovereign and 11th Amendment immunity, suits against states and territories do.[4]

---

[4] *See* e.g., *See Marx v. Government of Guam*, 866 F.2d 294, 297–98 (9th Cir. 1989) (The sovereign immunity of the government of Guam exists pursuant to both the common law and the Organic Act); *Porto Rico v. Rosaly*, 227 U.S. 270, 273 (1913) (the Organic Act established in Porto Rico is of such nature as to come within the general rule

7

1
2      The United States relies upon *United States v. City of Parma*, 661 F.2d 562, 572 (6th Cir.
3
4  1981), which contains, in *dicta*, broad language stating "We believe it was the intent of Congress
5  to provide for actions against states and political subdivisions" under the FHA.  But in the 37
6  years since it was decided, no court has ever cited *City of Parma* for the proposition that states
7  or territories are liable under the act.  Instead, the case is cited for the proposition that a city or
8  municipality can be sued under the FHA.  *See*, e.g. *Keith v. Volpe*, 858 F.2d 467, 482 (9th Cir.
9  1988).
10     When the United States does a cite a case involving a state or territory, which is not often,
11  the cases only deal with injunctive and declaratory relief, not monetary damages.  *See*, e.g.
12  *United States v. Wisconsin*, 395 F. Supp. 732 (W.D. Wis. 1975); *United States v. Puerto Rico*,
13  764 F. Supp. 220 (D.P.R. 1991).  Nor does the United States refer to any legislative history
14  indicating Congress intended to allow actions for monetary damages against states and territories
15  under the FHA.  Based on this lack of legislative history courts have concluded Congress did not
16  abrogate 11th Amendment immunity in enacting the FHA.  *See, McCardell v. U.S. Dept. of*
17  *Housing and Urban Development*, *supra*, *Boyd v. Browner*, *supra*, and *Morris v. Dehaan*, *supra*.
18     Guam is not a "person" under the FHA and the United States can only obtain monetary
19  damages and civil penalties under the FHA against a "person."
20

21  ## III. BECAUSE DEFENDANTS CLTC AND THE ADMINISTRATIVE DIRECTOR OF THE CLTC ARE PART OF THE GOVERNMENT OF GUAM THEY ARE NOT PERSONS LIABLE FOR MONETARY DAMAGES UNDER THE FHA
22
23
24      Plaintiff argues that because the CLTC is a trust and trusts are specifically within the
25  definition of person in the FHA, the CTLC can be sued for money damages.  In making this
26

exempting a government sovereign in its attributes from being sued without its consent); *Kawananakoa v. Polyblank*, 205 U.S. 349, 353 (1907) (sovereign immunity barred suit against territory by individual land purchasers); and *Sakamoto v. Duty Free Shoppers, Ltd.,* 764 F.2d 1286, 1289 (9th Cir. 1985) (because the Government of Guam is in essence an instrumentality of the federal government, "[t]here is no reason why Guam should enjoy less immunity than the federal government itself.")

8

argument, Plaintiff fails to recognize that the issue here is whether Congress intended to subject states and territories to liability under the FHA. It is does not matter whether the particular department of agency of the state or territory can be characterized as a trust or a corporation, or some other entity within the definition of person under the FHA. For instance, in *Karns v. Shanahan*, 879 F.3d 504 (3rd Cir. 2018), the appellate court held that the state public transportation corporation was an "arm of the state" immunized from lawsuit by the Eleventh Amendment, and thus, the corporation was not a "person" subject to liability under 42 U.S.C. § 1983. That corporations are generally considered within the definition of "person" does not mean a corporation that is an "arm of the state" is also within the definition of "person." Similarly an official capacity suit against the administrative director of the CLT is but a suit against the government of Guam itself for money and is barred for the same reason. "Official-capacity suits …'generally represent only another way of pleading an action against an entity of which an officer is an agent'." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff's claims against the Administrative Director for civil penalties and monetary damages must be dismissed because, as discussed above, Guam cannot be sued for damages and civil penalties under the Fair Housing Act. *See Will v. Michigan Dept. of State Police*, *supra*, (States and their officials acting in their official capacity are not persons when sued for monetary damages under 42 U.S.C. § 1983). *See also, Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.)

/ / / /

## IV. CONCLUSION

There is only one definition of "persons" in the FHA which is applicable to both private actions and actions brought by the United States. States and territories are not within the definition of "person" under the FHA. Plaintiff's claims against Defendants for monetary damages and penalties should be dismissed in their entirety.

Dated this 30th day of October, 2018.

OFFICE OF THE ATTORNEY GENERAL OF GUAM
**Elizabeth Barrett-Anderson**, Attorney General

/S/

By: _____

**KENNETH ORCUTT**
Deputy Attorney General
Attorneys for Government of Guam